# Girard Trust Company *v.* Kitsee, Appellant.

*Negotiable instruments — Promissory notes — Consideration — Failure of consideration—Burden of proof.*

A note is prima facie evidence of a debt and is presumed to be given for value, and it is incumbent upon a defendant maker to show the alleged failure of such consideration.

In an action on a promissory note, a defense that the note was without consideration and usurious is not sufficient, where the evidence produced by the defendant falls far short of the measure of proof required to substantiate such a defense.

Argued October 10, 1923.   Appeal, No. 220, Oct. T., 1923, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 1592, on verdict for plaintiff in the case of Girard Trust Company and Margaret E. D. Ferreck, Executors of the Estate of John J. Ferreck, Deceased, v. I. Kitsee.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on promissory note.   Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $749.34 and judgment thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence and in directing a verdict in favor of the plaintiffs.

*Trevor T. Matthews,* for appellant.

*John J. Sullivan,* for appellee.

278    GIRARD TRUST CO. *v.* KITSEE, Appellant.

Statement of Facts—Opinion of the Court. [82 Pa. Superior Ct.

OPINION BY TREXLER, J., December 10, 1923:

This is an action brought by the executors of Ferreck on two promissory notes, one for $600 and one for $500, signed by Kitsee, the appellant. There is no defense to the $600 note, but it is claimed that the $500 note was given without consideration as a bonus for the $600 note and, therefore, as to its entire amount, is usurious. Of course, the note is prima facie evidence of the debt and is presumed to be given for value (section 24, Act of May 16, 1901, P. L. 194), and it was incumbent upon defendant to show the lack of it. The testimony produced by the defendant fell far short of the measure of proof required to set aside the note. A witness who was called for the defendant stated that on the day the note was given, $600 was passed and that the $500 note was given to cover $500 that Ferreck, the payee of the note had put up for an experiment to be made by Kitsee, which was an endeavor to recover potash from sugar cane. The witness could not recall the details and was not in a position to testify with any definiteness for what the $500 note was given. There was then an effort made to introduce a paper which had been drawn up by Ferreck and submitted to Kitsee, and which Kitsee refused to sign, in which reference is made to $600 being paid to Kitsee by Ferreck and that a further note for the sum of $500 was to be given, which note represented the sum advanced by Ferreck to Kitsee on a potassium deal, which was not consummated. The proposed agreement further provided for the assigning of a quarter interest in the patent rights of a process to improve the production of artificial silk and that upon the sale of such patent rights, Ferreck was to receive one quarter of the consideration and allow credit for the $1,100 which he gave to Kitsee. As this proposed contract was never executed, the court properly excluded it. Even if we hold that the proposition having been made by Ferreck and signed by him might be regarded as an admission of certain facts which are stated therein, there would not be sufficient in

it to show that the $500 note is usurious or given without consideration, in fact the contrary inference might be drawn. The court properly held the prima facie evidence that the note was issued for value was not overcome.

The judgment is affirmed.